UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

WILLET DAVIDSON,

                     Plaintiff,

            -against-

DEPARTMENT OF CORRECTIONS
COMMISSIONER CYNTHIA BRANN, et al.,

                     Defendants.

20 Civ. 9500 (LGS)

ORDER

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff, currently detained at the Vernon C. Bain Center ("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional rights by not protecting him from contracting Covid-19. He originally filed this complaint with 49 other VCBC detainees. The original complaint was assigned to Judge Daniels and opened under docket number 20 Civ. 8407; Judge Daniels referred the matter to Magistrate Judge Aaron, who severed the plaintiffs' claims and directed that each plaintiff's claims be opened as a separate action. *See Lee v. Brann*, No. 20 Civ. 8407, ECF 7 (S.D.N.Y., November 9, 2020). This action is one of the newly opened actions.

      By order dated November 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint ("SAC") within sixty days of the date of this Order, by filling out the attached complaint form in accordance with the instructions in this Order.

## BACKGROUND

      In *Lee*, the plaintiff initially sought to bring a class action on behalf of himself and other VCBC detainees, including Plaintiff. The plaintiffs sued the Commissioner of the New York

City Department of Correction, Cynthia Brann; "Health Director Commissioner" Patsy Yang and Board of Correction Executive Director Margaret Egan, alleging they have been forced into unsafe living conditions by being: (1) housed in units without appropriate capacity limitations to allow for social distancing; (2) placed than 3-4 inches apart in sleeping areas and (3) required to share toilets, sinks and showers among 50 inmates (ECF No. 2 at 5). The plaintiffs alleged that some detainees have contracted or been exposed to Covid-19 as a result, and sought an improvement of conditions, including a reduction in housing capacity and monetary damages, as well as the release of detainees who meet certain criteria. (*Id.* at 6-7.)

On November 24, 2020, Lee filed an amended complaint, which Plaintiff also signed. (ECF No. 7.) The amended complaint provides fewer details than the original complaint and does not specify how Defendants specifically violated any of Plaintiff's constitutional rights.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts in his complaint making it plausible that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a "state actor," that is, a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

If Plaintiff was a pretrial detainee at the time of the events giving rise to his claims, his claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of whether Plaintiff was a pretrial detainee or convicted prisoner, his SAC must allege that two elements are met: (1) an "objective" element, which requires allegations that the conditions of his detainment that he wishes to challenge are sufficiently serious, and (2) a "mental" element, which requires allegations that the state actor behaved with

2

at least deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

The objective element is the same for pretrial detainees and convicted prisoners -- "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element -- the "subjective" or "mental" element -- varies depending on whether Plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege in his or her complaint that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition

posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

## LEAVE TO AMEND

Because the amended complaint does not contain sufficient factual allegations to state a claim under the above standards, the Court grants Plaintiff leave to file a SAC, using the form attached to this Order.  Plaintiff's SAC should allege whether Plaintiff is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and the specific conditions within those units that he contends violate his constitutional rights.  For example, to the extent Plaintiff asserts that Defendants failed to comply with capacity restrictions or other precautionary measures intended to prevent the spread of Covid-19, he should allege any facts suggesting that such failures resulted in a substantial risk of serious harm to Plaintiff and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health.  If Plaintiff names individuals as defendants, he must allege facts regarding the personal involvement of each in the alleged violations of his rights.  Further, if Plaintiff is seeking release as a remedy, he must include allegations specific to his own circumstances, and not to the conditions of other inmates generally, regarding the basis for such relief.

Plaintiff's SAC must also name the specific individuals who were allegedly involved in the deprivation of his federal rights (1) as defendants in the caption[1] and (2) in the statement of claim.  If Plaintiff does not know the name of a defendant, he may refer to that individual as

---

[1] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the SAC.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

"John Doe" or "Jane Doe" in both the caption and the body of the SAC.[2] In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's SAC must:

   a) give the names and titles of all relevant persons;

   b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

   c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

   d) give the location where each relevant event occurred;

   e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

   f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's SAC must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred and why Plaintiff is entitled to relief. Because Plaintiff's SAC will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wishes to maintain must be included in the SAC.

## CONCLUSION

Plaintiff must submit the SAC to this Court's Pro Se Intake Unit within sixty days of the date of this Order, caption the document as a "Second Amended Complaint," and label the

---

[2] The naming of John Doe defendants, however, does *not* prevent the three-year statute of limitations period governing this action from running, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

document with docket number 20-CV-9500 (LGS).  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, his case will be dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court is respectfully directed to mail to Plaintiff a copy of this Order and an information packet (1) outlining pro se procedures in this District and (2) containing contact information for the Pro Se Intake Unit.

SO ORDERED

Dated:  December 14, 2020
         New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name                  Middle Initial                  Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                         State                         Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6