

|  |  |  |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **BRIAN KRIST**<br>Tel.: 212-356-2471<br>email: bkrist@law.nyc.gov |

February 11, 2021

*VIA ECF*
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court
  for the Southern District of New York
United States District Courthouse
500 Pearl Street
New York, NY 10007

Application GRANTED. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff. SO ORDERED.

Dated: February 12, 2021

              Re:   *Davidson v. Brann*
                    Dkt. No. 20-cv-09500 (LGS) (SDA)

Your Honor,

     I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York and counsel for the Defendants Cynthia Brann, Patsy Yang and Margaret Egan.  I write to respectfully request two extensions of time: (1) a brief adjournment of the Defendant's time to respond to the Plaintiff's letter motion for a preliminary injunction in this action (ECF No. 13), from February 16, 2021 to February 23, 2021; and (2) an extension of the Defendants' time to produce the Plaintiff's medical records from Correctional Health Services ("CHS") from February 16, 2021 to a date to be determined after the Plaintiff executes a HIPAA-compliant release.

     This is the Defendants' first request for an extension.  I was assigned this matter earlier today and respectfully request additional time to investigate the allegations raised in the Plaintiff's letter motion, to obtain and produce the Plaintiff's medical records from CHS,[1] as

---

[1] Because of the sensitive nature of the Plaintiff's medical records, CHS has requested this evening – notwithstanding the Plaintiff's apparent intent t place his alleged medical condition at issue in this action – that the Plaintiff execute a HIPAA-compliant release.

ordered by the Court, and to prepare an appropriate response to the Plaintiff's request for preliminary injunctive relief. I will promptly send Plaintiff a HIPAA-compliant release for him to execute so that I may obtain and produce his medical records. In the interim, I note that the Plaintiff is being detained in a manner consistent with the Department of Correction's ("DOC") established protocols for the prevention of Covid transmission within DOC facilities to ensure inmate and staff safety.[2] Indeed, I expect Defendants will dispute many of the allegations in Plaintiff's application for preliminary injunctive relief.

I apologize for making this request after the time for doing so as set forth in Your Honor's individual rules. As the Plaintiff is an inmate in custody appearing *pro se*, I have not been able to contact the Plaintiff to obtain his consent to this application.

Thank you for your consideration of this request.

Respectfully,

/s/ Brian Krist
Brian Krist
Assistant Corporation Counsel

cc: Willet Davidson
B&C No. 3491905326
Vernon C. Bain Center
1 Halleck St
Bronx, NY 10474

---

[2] DOC's Covid-19 Action Plan is available at
https://www1.nyc.gov/site/doc/media/coronavirusap.page