Willet Davidson # 21-A-0603
Plaintiff Pro-Se
Great Meadow Correctional Facility
11739 State Route 22, P.O. Box 51
COMSTOCK, New York 12821-0051
September 2, 2022

RECEIVED
SDNY PRO SE OFFICE
2022 SEP 12 PM 2: 42

Hon. Stewart D. Aaron
United States District Court
Sourthern District of New York
500 Pearl Street
New York, New York 10007

Re: Davidson v. Pasty Yang, et al.
20-CV-09500

Dear Judge Aaron:

The Assistant Corporation Counsel was assigned to defend the defendants respectfully requested an extension of time to file and serve motion for summary judgmeny pursuant to rule 56 by two(2) weeks, extend the deadline from March 31, 2022 to April 14, 2022.

Discovery closed on November 17, 2021 (See DKT No. 40), and on November 29, 2021, the Court directed the defendants to file their anticipated motion by January 14, 2022, with plaintiff to file opposition by February 14, 2022, with defendants to file their reply by February 28, 2022 (See DKT. # 42).

The defendant's requested ther <u>first</u> **extension** of time to move for summary judgment, due to inter-alia facts, medical and childcare unexpected experience to move for summary judgment, defendant's requested, due to departure of Mr. Krist's Corporation Counsel, reassignment to the undersigned granted by court, February 11, 2022.

Since, Wynee Ngo, assignment, Assistant CorporaTION Counsel, familiarize hereself with voluminous discovery, exchanged and draft defendants motion for summary judgment, motion include declaration for both DOC & H+H, to demondtrate effort to combat effects of Covid-19 virus on those held to trial etc. requesting additional necessary time to organize in in information for the discovery, defendants intended to submit in their supported motion for summary judgment Further requested two (2) weeks deadline to serve and file summary judgment motion from Marcch 31, 2022 to April 14, 2022; respectfully requesting corresponding extension of the deadline, with plaintiff's opposition due by May 16, 2022 and defendants reply due May 20, 2022. Defendants acknowledge this being their third request.

The plaintiff has demonstrated understanding, patience and agreement to all the defendants requests in the past months, to no avail. However, in the proceeding months, presently September 2nd, 2022, plaintiff remain in absence of summary judgment motion from the defendants, pursuant to rule 56, and feel that the defendant are abusing their privilege, courtesies and responsibilities.

The plaintiff is incarcerated and is proceeding pro-se surrounding a sensitive timely nature. The case is prescribed infact as stagnated and cover-over by red-tape, and the defendants must be held liable in the discharge of their duties to file and serve their motion for summary judgment without hestation, arguement or unexcusable justification. Their holding position because their are unable to prove anyone set of facts which would entitle them to prevail summary judgment motion, pursuant to Rule 56, Fed. R. Civ. P.

Plaintiff and defendants have moved for summary judgment pursuant to Rule 56, Fed. R. Civ. P. and summary judgment is appropriate only if the moving party can "show that there is no genuine issues as to any meterial facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. Section 56(c).

As a general rule, all ambiguities and reference to be drawn from the underlying facts should be resolve in favor of the party opposing the motion, and all doubts as to the exitence of a genuine issue for trial should be resolved against the moving party." Brinder v. Long Island Lighting Co., 933 F. 2d 187, (2d. Cir. 1991) (quoting) Brady v. Town of Colchester, 863 F. 2d. 205, 210 (2d. Cir. 1988)) However, a party opposing a properly supporting motion for summary judgment may not rest upon mere allegations but must set forth facts showing that there is genuine issues for trial. Fed. R. Civ. P. Section 56(e).

Based on the above, the court must direct the defendants to comply with order to file and serve summary judgment motion without further subdue.

I thank you in advance for your time and cooperation.

cc:  Wynee Ngo, Asst. Corp. Counsel
The City of New York, Law Dept.
100 Church Street, NY, NY. 10007
(646) 984-4115 / Whgo@law,ny.gov

Respectfully submitted,

Willet Davidson # 21-A-0603

GREAT MEADOW CORRECTIONAL FACILITY
BOX 51
COMSTOCK, NEW YORK 12821-0051

NAME: Uriel Davidson   DIN: 21-A-0603

LEGAL MAIL

Honorable Jennifer E. Willis
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
SDNY PRO SE OFFICE
2022 SEP 12 PM 2:42